OLGA LEHMANN et al., Respondents, *v.* R. H. MACY & Co., INC., Appellant.

Supreme Court, Appellate Term, First Department, February 24, 1955.

*Samuel E. Swiggett* for appellant.

*Melvin R. Simensky, Jacques J. Katz* and *Frank Jackson* for respondents.

*Per Curiam.* Plaintiff sustained an injury while trying on a hat picked up from a counter of defendant store as a result of a hatpin being imbedded in the veil rather than in the hat proper where it belonged. The Trial Justice denied the motion to dismiss, the jury rendering a verdict for plaintiff. This was erroneous in view of the absence of any proof of active negligence on the part of defendant's employees or of any notice to it of the defect complained of.

Insofar as it is possible that the manufacturer may have delivered this hat to the store with the pin negligently imbedded in the veil, no liability therefor can be imposed on the store. The duty of a store to inspect for defects in articles bought from a manufacturer and sold by it exists only with regard to articles which the store " has reason to know " may be " likely to be dangerous " (Restatement, Torts, § 402; *Bergenfeld* v. *Alexander's Dept. Stores,* 207 Misc. 832). A hat being an ordinary article of wear and a hatpin in a veil an unlikely occurrence, there is no reason for a store to foresee the probability of danger to its customers in placing hats on counters for sale.

Insofar as the pin may have been dislodged as a result of continual handling of the hat by customers prior to plaintiff, there can likewise be no recovery against the store in the absence of proof of some negligent act or omission by the store. A store cannot be held responsible in negligence for mishandling by customers of ordinary goods placed on public counters unless notice be proved.

In *Liedeker* v. *Sears Roebuck & Co.* (249 App. Div. 835, affd. 274 N. Y. 631), where plaintiff was injured when the footrest of a beach chair on display at the store collapsed when she sat on it, judgment in her favor was reversed and the complaint dismissed.

The judgment should be reversed, with $30 costs, and complaint dismissed, with costs.

HOFSTADTER, EDER and BRADY, JJ., concur.

Judgment reversed, etc.